UNITED STATES DISTRICT COURT
**EASTERN** DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE AGUILAR AND ALL OTHERS SIMILARLY SITUATED;

                             Plaintiffs,                **COMPLAINT**

               -against-

                                                      **JURY TRIAL DEMANDED**

BOLLA OPERATING CORP; BOLLA MARKET; and
HARVINDER SINGH;

                             Defendants.
-------------------------------------------------------------------X

## JURISDICTION AND VENUE

1. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

2. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

5. Plaintiff Jose Aguilar ("Jose") resides in Brooklyn, New York at 3046 Brighton 5th Street, Brooklyn, NY 11235

6. Upon information and belief, Defendant BOLLA MARKET. ("Corporate Defendant 1") is a corporation formed in the State of New York and is located at 2228 Gerritsen ave. Brooklyn New York 11229.

7. Upon information and belief, Defendant BOLLA OPERATING CORP. ("Corporate Defendant 2") is a corporation formed in the State of New York and is located at 809 Stewart Ave, Garden City, NY, 11530.

8. Upon information and belief, Defendant HARVINDER SINGH ("Mr. Singh"), owns all or part of Corporate Defendants, and resides in the State of New York.

**Collective Class Definition**

9. Plaintiff brings all Causes of Action in this lawsuit under the FLSA 29 U.S.C §216(b), as a collective action on behalf of the following class of potential opt-in litigants:

> **All current and former car wash worker employees and service worker employees of BOLLA OPERATING CORP. and any affiliated corporations or business entities located**

1

    **in the State of New York including but not limited to employees of Bolla Market located at 2228 Gerritsen ave. Brooklyn New York, 11530.**

10. Plaintiff reserves the right to redefine the FLSA Collective Class prior to class certification and thereafter, as necessary.

**Class Action Definition**

11. Plaintiffs bring all Causes of Action of this lawsuit as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

    **All current and former car wash worker employees and service worker employees of BOLLA OPERATING CORP. and any affiliated corporations or business entities located in the State of New York including but not limited to employees of Bolla Market located at 2228 Gerritsen ave. Brooklyn New York, 11530.**

12. Plaintiff reserves the right to redefine the New York Class prior to class certification and thereafter, as necessary.

### BACKGROUND FACTS

13. Corporate Defendant 1 is an "employer" under the FLSA.

14. Corporate Defendant 1 is an "employer" under the NYLL.

15. Corporate Defendant 2 is an "employer" under the FLSA.

16. Corporate Defendant 2 is an "employer" under the NYLL.

17. Harvinder Singh is an "employer" under the FLSA.

18. Harvinder Singh is an "employer" under the NYLL.

19. Corporate Defendant own and operate more than 200 convenience stores in New York and New Jersey.

20. Corporate Defendants are engaged in the car washing and auto detailing services industry.

21. During any period of time whatsoever between April , 2017 through the present day, hereinafter the "Relevant Time Period, "Corporate Defendant 1 had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

22. During any period of time whatsoever between April, 2017 through the present day, hereinafter the "Relevant Time Period, "Corporate Defendant 2 had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

23. During any period of time whatsoever between April, 2017 through the present day, Harvinder

Singh had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant's; (2) terminate the employment of certain employees of Corporate Defendants, (3) set the wage rates of certain employees of Corporate Defendants, (4) maintain payroll records for certain employees of Corporate Defendants, or (5) institute work rules for certain employees of Corporate Defendants.

24. Corporate Defendants are involved in an industry affecting commerce within the meaning of the FLSA.

25. Corporate Defendant's annual revenue exceeded $500,000 for the year 2020.

26. Corporate Defendant's annual revenue exceeded $500,000 for the year 2021.

27. Corporate Defendant's annual revenue exceeded $500,000 for the year 2022.

28. Corporate Defendant's annual revenue exceeded $500,000 for the year 2023.

29. Corporate Defendants employ at least two employees who regularly engage in interstate commerce.

30. On information and belief, Corporate Defendants regularly employs an individual that regularly and customarily uses the interstate telecommunications network to process credit card transactions with firms outside the state of New York.

31. On information and belief, Corporate Defendants regularly purchases goods from locations manufactured outside the State of New York and utilizes such products within the State of New York.

32. The business activities of the Corporate Defendants are related and performed through unified operation or common control for a common business purpose and constitutes an enterprise within the meaning of the FLSA.

33. The Corporate Defendants engage in a combination of different activities in the course of its business operation, including but not limited to: (1) washing cars, (2) advertising, (3) bookkeeping, (4) managing employees, and (5) selling products at their mini-market (the "Related Activities").

34. The Corporate Defendants have an organizational structure whereby there is an individual, or group of individuals, who control the Related Activities.

35. Corporate Defendants failed to keep accurate and sufficient payroll and time records, as required by law.

36. During the Relevant Time Period, Corporate Defendants did not use a punch card time keeping system to record the Plaintiffs' work hours.

37. During the Relevant Time Period, Corporate Defendants did not record any of the Plaintiff's daily work start times or daily work end times.

38. Corporate Defendants did not maintain sufficient payroll and time records to determine the weekly pay and hours worked by the Plaintiff and the FLSA Class.

39. The Plaintiffs were employees of the Corporate Defendants during the Relevant Time Period.

40. The Plaintiffs were not independent contractors while performing services for Corporate Defendants during the Relevant Time Period.

41. Corporate Defendants provided all of the equipment and material for the Plaintiffs to perform their job.

42. Corporate Defendants treated the Plaintiffs' as "W-2" wage earners while employed.

43. Corporate Defendants set the Plaintiffs' work schedule, and method and rate of pay.

44. Corporate Defendants assigned the Plaintiffs the specific job duties to which they had to perform.

45. The Plaintiffs were not free to hire other employees to work in their place to perform their job duties for Corporate Defendant.

46. No Plaintiff ever had any ownership interest in Corporate Defendants and never invested capital into Corporate Defendants.

**Statutory Wage Notice Violations Applicable to Each Plaintiff
("Wage Notice Violations")**

47. Corporate Defendants failed to comply with the provisions of 12 NYCRR §142 by failing to provide each Plaintiff with an accurate paystub each week that the Plaintiffs were paid by Defendants.

48. Corporate Defendants did not provide Plaintiffs with an accurate statement of wages[1] with each payment of wages that set forth Plaintiffs' hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

49. Corporate Defendants failed to provide each Plaintiff with a written notice of tip credit as required in 12 NYCRR §142 as a condition precedent to utilizing the tip credit as required by 12 NYCRR §142.

50. Corporate Defendants failed to provide each Plaintiff with an accurately written notice of pay rate.

51. Corporate Defendants failed to provide each Plaintiff with a written notice of tip credit.

52. Corporate Defendants failed to provide each Plaintiff with an accurately written notice of pay rate.

53. Corporate Defendants failed to provide each Plaintiff with a written notice of tip credit as required in 29 C.F.R §531.59 as a condition precedent to utilizing the tip credit as required.

54. Corporate Defendants failed to provide each Plaintiff with a written notice of the amount of

---

[1] commonly referred to as a paystub.

4

cash wage the employer is paying the Plaintiffs, which must be at least $2.13 per hour.

55. Corporate Defendants failed to provide each Plaintiff with a written notice of the additional amount claimed by Corporate Defendants as a tip credit.

56. Corporate Defendant failed to provide each Plaintiff with a written notice that the tip credit claimed by the employer cannot exceed the amount of tips received by the tipped employee.

57. Corporate Defendants failed to provide each Plaintiff with a written notice that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

58. Corporate Defendants failed to provide each Plaintiff with a written notice that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

**PLAINTIFF JOSE AGUILAR:**

59. Jose started working for Corporate Defendants on or around January 2015.

60. Jose stopped working for Corporate Defendants between June 2018 and October 2019.

61. Jose performed work for Corporate Defendants during the end of the 2019 calendar year.

62. Jose performed work for Corporate Defendants during the 2020 calendar year

63. Jose performed work for Corporate Defendants during the 2021 calendar year.

64. Jose performed work for Corporate Defendants during the 2022 calendar year.

65. Jose performed work for the Corporate Defendants in the 2023 calendar year and was terminated on February 2, 2023.

66. Corporate Defendants paid Jose by the hour.

67. Corporate Defendants paid Jose with a check.

68. Jose was subject to the Unlawful Tip Credit Practices described herein.

69. Jose was subject to the Wage Notice Violations described herein.

70. Jose worked approximately 50-55 hours each week for Corporate Defendants

71. Jose never had the power to hire or fire employees, control employee work hours, or otherwise control other employees work conditions.

72. On information and belief, Corporate Defendants engaged in a pattern of stealing Plaintiff Aguilar and his coworkers tips while only crediting them with the minimum necessary to bridge the gap between the direct hourly wage and the New York Minimum Wage at various times over Plaintiff Aguilar's career.

5

73. Plaintiff aguilar's paychecks would reflect the hours worked and the tip credit applied, however the tip's received exactly equated to the exact minimum amount needed make up the difference between the direct wage and the minimum wage, which is a statistic impossibility.

74. When the tip credit became inapplicable in the car wash industry, the Defendants instead began outright stealing Plaintiff Aguilar's tips. As reflected in the change of Plaintiff Aguilar's paycheck, the hourly rate equals the New York State Minimum Wage Rate, but all of a sudden, there were no tips ever listed on Mr. Aguilar's paychecks.

75. However, at all times relevant hereto, the Defendants had a tip box at the car washes that customers would leave tips for the car wash staff- individuals such as Mr. Aguilar. However, Plaintiff Aguilar was not provided with the customer tips.

76. On information and belief, this practice was applied to everyone because tips were pooled, but then handled by management and distributed by management with no oversight by the carwash staff.

77. Thus, when the tip credit was being applied, it was being applied unlawfully because the Defendants engaged in unlawful handling of the tip pool, and invalidated the tip pool by not only providing the relevant wage notices to utilize the tip pool, but also by stealing employee tips. This resulted in an invalidation of the tip credit, causing Plaintiff Aguilar to earn below the minimum wage, and to receive an improper overtime rate.

78. After the tip credit was ended, Plaintiff Aguilar and his coworkers were not paid all wages due by the ongoing theft of their tips by management.

## Collective Action Allegations

79. Plaintiffs bring this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of the FLSA Collective action defined above.

80. Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

81. Plaintiffs and the FLSA Class are "Similarly Situated", as that term is used in 29 U.S.C.§216(b), because, inter alia, all such individuals:

    Never got paid overtime premiums for the total amount of hours worked every week; Corporate Defendants did not provide Plaintiffs with accurate pay stubs, nor did Corporate Defendants provide a wage notice that permitted them to use a tip credit. Plaintiffs suffered economic and non-economic damages due to the Corporate Defendant's unlawful practices.

    Resolution of this action requires inquiry into common facts, including, inter alia, Corporate Defendant's common compensation, timekeeping, payroll practices, and disciplinary records.

82. Specifically, Corporate Defendant typically paid Plaintiff and the FLSA Class by:

    The Corporate Defendant paid Plaintiffs by check, did not pay overtime premiums for the total amount of hours worked every week; did not provide Plaintiffs with accurate pay stubs, nor did the Corporate Defendants provide a wage notice to Plaintiffs that would have authorized Corporate Defendants to use a tip credit.

83. The similarly situated employees are known to Corporate Defendants, are readily identifiable, and may be located through Corporate Defendant's records and the records of any payroll company that Corporate Defendant uses. Corporate Defendants employ FLSA Class Members through the State of New York. These similarly situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means and allowed to opt into the action pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

### Class Action Allegations

84. Plaintiffs bring this action as a class action under Fed. R. Civ. P. 23 on behalf of themselves and the **New York Class** and **FLSA Class as** defined above.

85. The members of the New York Class and FLSA Class are so numerous that the joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class and FLSA Class.

86. Plaintiffs will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiffs and those of the New York Class, and Plaintiffs' claims are typical of the claims of the FLSA Class and New York Class. Plaintiff's counsel is competent and experienced in representing multi-plaintiff wage and hour claims such as this one.

87. There are questions of law and fact common to the proposed FLSA Class and New York Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether the Corporate Defendants have violated and continue to violate the laws of New York and the FLSA through its policy and/ or practice of:

    **Operating an unlawful tip pool and applying an unlawful tip credit, as well as stealing employee tips resulting in improper wage notices and paystubs and underpayment of wages.**

88. Plaintiffs' claims are typical of the claims of the FLSA Class and New York Class in the following ways, without limitation:

    **(a) Plaintiff Aguilar is a member of the FLSA Class and New York Class;**

    **(b) Plaintiff Aguilar's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the FLSA Class and New York Class;**

    **(c) Plaintiff Aguilar's claims are based on the same legal and remedial theories as those of the FLSA Class and New York Class and involve similar factual circumstances;**

    **(d) there are no conflicts between the interests of Plaintiff Aguilar and the FLSA Class and New York Class members; and**

    **(e) the injuries suffered by the Plaintiff Aguilar are similar to the injuries suffered by the FLSA Class and New York Class members**.

89. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the FLSA Class and New York Class predominate over any questions affecting only individual Class Members.

90. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The FLSA Class and New York Class are readily identifiable from Corporate Defendants own employment records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Corporate Defendants.

91. A class action is superior to other available methods for adjudication of this controversy because the joinder of all members is impractical. Further, the amounts at stake for many of the FLSA Class and New York Class, while substantial, are not great enough to enable them to maintain separate suits against Corporate Defendants. Each individual class member might not have substantial enough damages to justify private counsel bringing an individual claim on behalf of such individual class member. Accordingly, this is the type of case and the type of circumstances for which Rule 23 was enacted.

92. Without a class action, Corporate Defendants will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff, the FLSA Class, and New York Class. Plaintiffs envision no difficulty in the management of this action as a class action.

**FIRST CAUSE OF ACTION**
(Failure to pay wages- NY State)
(NYLL §191)

93. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

94. Under NY Lab. Law §191, an employer is required to pay an employee within one week of the services performed by the employee.

95. New York Labor Law §191 requires the timely payment in full for all hours worked at an employees agreed upon rate of pay, including overtime payments.

96. Defendants failed to pay Plaintiffs their wages as required by NYLL §191 by not paying wages within the statutory time-period.

97. New York Labor Law §191 requires the timely payment in full for all hours worked at an employees agreed upon rate of pay, including overtime payments.

98. On information and belief, Defendants engaged in an ongoing practice of failing to remit to Plaintiffs all wages due because of an unlawful tip-credit.

99. Because of Defendants' unlawful withholding of wages, Plaintiffs suffered harm.

## SECOND CAUSE OF ACTION
(Failure to provide wage notices- NY State)
(NYLL §198(1-b) & 198 (1-d))

100. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

101. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiffs with a required notice containing the following information:

    i.   the rates or rates of pay and basis thereof,

    ii.  whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv.  the name of the employer;

    v.   Any "doing business as" names used by the employer;

    vi.  The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer;

102. Defendants willfully failed to furnish Plaintiffs with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including overtime hours; deductions, allowances, and net wages.

103. Due to Defendants' violation of NYLL §195(1), Plaintiffs are entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

104. Defendants failed to provide Plaintiffs a statement with each payment of wages that sets forth Plaintiffs' hours worked, rates of pay, gross wages, credits claimed (for tips, meals, and lodging), if any, deductions, and net wages.

105. Defendants failed to provide Plaintiff's with a notice conveying to Plaintiff's their intention to use a tip credit as required under the NYLL.

106. Due to Defendants' violation of NYLL §195(3), Plaintiffs are entitled to recover from Corporate Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

## THIRD CAUSE OF ACTION
(Failure to pay minimum wage- Federal)
29 U.S.C § 201

107. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

108. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiffs.

109. Defendants failed to pay Plaintiffs minimum wages to which they are entitled under the FLSA and the supporting Federal Regulations.

110. Because of Defendants' unlawful acts, Plaintiffs have been deprived of minimum compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

111. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

112. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**FOURTH CAUSE OF ACTION**
(Failure to pay minimum wage- NY State)
(NYLL §650 et. seq.)

113. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

114. The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiffs.

115. Defendants failed to pay Plaintiffs minimum wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

116. By Defendants' knowing or intentionally failure to pay Plaintiffs minimum wages for hours worked, they have willfully violated NYLL Art. 19, § 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

117. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

**FIFTH CAUSE OF ACTION**
(Failure to pay overtime- Federal)
(29 U.S.C. § 201 *et seq)*

118. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

119. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiffs.

120. Defendants failed to pay Plaintiffs overtime wages to which Plaintiffs were entitled under the

    FLSA and the supporting Federal Regulations.

121. Because of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

122. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

123. Because Defendants violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SIXTH CAUSE OF ACTION
(Failure to pay overtime-State)
(12 NYCRR 142-2.2)

124. Plaintiff repeats, re-alleges and reincorporates every allegation as though fully set forth herein.

125. Defendants failed to compensate Plaintiffs with overtime premium pay for hours worked in excess of 40 hours per week.

126. Pursuant to the NYLL, Plaintiff is entitled to one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per workweek and to be paid for all overtime hours worked.

127. Defendants willfully refused and failed to compensate Plaintiffs for certain overtime work hours at the appropriate rate of pay, causing damage to Plaintiffs.

## SEVENTH CAUSE OF ACTION
(Unlawful deductions- NY State)
(NYLL §193)

128. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

129. Pursuant to NYLL §193 employers are prohibited from making any deductions from wages except those made: 1) in accordance with law; or 2) for the benefit of the employees when authorized in writing by said employees.

130. No employer shall make any charge against wages or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

131. Defendants violated NYLL §193 by deducting overtime and minimum wage in addition to an unlawful tip credit from the Plaintiffs payment.

132. Accordingly, Plaintiff is entitled to receive all lost wages, liquidated damages, attorney fees, and the cost of the lawsuit.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek the following relief:

A. An Order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. §216(b);

B. Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential FLSA Class Members;

C. An Order permitting this litigation to proceed as a class action under Fed. R. Civ. P. 23 on behalf of the New York Class;

D. An award of compensatory, pecuniary and non-pecuniary damages in an amount to be determined by a trier of fact;

E. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

F. Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

G. Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL;

H. Unpaid overtime pursuant to 29 U.S.C. § 201 *et seq,* and an additional and equal amount as liquidated damages pursuant to the FLSA.

I. Unpaid overtime pursuant to 12 NYCRR 142-2.2 and an additional and equal amount as liquidated damages pursuant to the NYLL.

J. Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a wage notice pursuant to NYLL §198(1-b);

K. Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a statement of wages pursuant to NYLL §198(1-d);

L. All lost wages pursuant to NYLL §193 and any other unlawful deductions and an additional and equal amount as liquidated damages pursuant to the NYLL.

M. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

N. An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

O. Reasonable attorney fees and costs of the action;

P. Pre-judgment interest and post judgment interest;

Q. Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

  Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.


Dated: White Plains, New York
    May 5, 2023

                              EL-HAG & ASSOCIATES, P.C

                              /s/ Jordan El-Hag

_____

                              Jordan El-Hag, Esq.
                       777 Westchester Ave, Suite 101
                        White Plains, N.Y, 10604
                           (914) 218-6190 (p)
                           (914) 206-4176 (f)
                          Jordan@elhaglaw.com
                            www.elhaglaw.com